IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANGELICA ORTIZ | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | Cause No. _____ |
| | § | |
| GC SERVICES LIMITED PARTNERSHIP; | § | |
| SAFECO INSURANCE COMPANY OF AMERICA; | § | **EP08CA0122** |
| and JOHN and/or JANE DOES 1-10 | § | |
|     Defendants | § | **COMPLAINT** |

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); and the invasions of Plaintiff's personal privacy and the intentional infliction of emotional distress caused by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4. Plaintiff ANGELICA ORTIZ (hereinafter "ORTIZ") is a natural person who resides here in the City of El Paso, County of El Paso, State of Texas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant GC SERVICES LIMITED PARTNERSHIP (hereinafter "GC") is a collection agency operating from an address of 6330 Gulfton, Houston, Texas 77081, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). GC can be served with process by mailing a copy of same to its registered agent, Robert Gross at 6330 Gulfton, Houston, Texas 77081.

6. Defendant SAFECO INSURANCE COMPANY OF AMERICA (hereinafter "Defendant SAFECO") is a casualty and surety company operating from an address of Safeco Plaza 4333 Brooklyn Avenue NE, Seattle, Washington 98185. Defendant

LAW OFFICE OF

SCOTT A.
VOGELMEIER

1112 Myrtle Ave.
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

SAFECO issued a bond to Defendant GC in favor of all consumers injured as a result of the illegal collection activities of Defendant GC. SAFECO can be served with a copy of the Summons and Complaint by serving its agent Sherrill A. Carter, 1600 West Loop South, Suite 1600, Houston, Texas 77027.

7. Defendants John and/or Jane Does No. 1-10 are employees of GC and are collection agents and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

8. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants sued herein as JOHN and/or JANE DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Plaintiff will seek permission from the court to amend this complaint to show the true names and capacities of such Defendants when the same have been ascertained. Plaintiff is informed and believes that each of the Defendants designated as a John or Jane Doe was in some manner responsible for the occurrences and injuries alleged herein.

9. At all times mentioned herein, each of the Defendants was the agent and employee of the other named Defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining named Defendants. All actions of each of the defendants were ratified and approved by the other named Defendants.

## FACTUAL ALLEGATIONS

10. On or about March 14, 2008, Plaintiff ORTIZ received a telephone call from a representative of Defendant GC who identified herself as Ms. Roberta Berry.

11. Upon information and belief, Ms. Berry contacted Plaintiff ORTIZ with respect to an alleged consumer debt owed by Plaintiff's mother, Maria Velarde, to Defendant GC's client American Express. See Exhibit A attached hereto.

12. During the course of the conversation between Plaintiff ORTIZ and Ms. Berry, Plaintiff ORTIZ informed Ms. Berry that the debt in question was not hers; was in fact her mother's debt; and that she was an authorized user only and that as such she was not responsible for any of the charges made on the account.

13. In an attempt to collect upon the debt, Ms. Berry informed Plaintiff ORTIZ, that she had spoken with her client American Express, which upon information and belief she had not spoken with American Express, and that the contact obligated Plaintiff ORTIZ to pay for the charges on the account.

14. On or about March 19, 2008, Plaintiff ORTIZ received a telephone call with respect to the same account from an employee of Defendant GC who identified herself only as Ms. McCoy.

LAW OFFICE OF

SCOTT A.
VOGELMEIER

1112 Myrtle Ave.
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

-1-

15. While attempting to collect upon the debt in question, Ms. McCoy was rude and subjected Plaintiff ORTIZ to language, the natural consequences of which, were to cause Plaintiff ORTIZ to feel harassed, abused, and annoyed.

16. Ms. McCoy, as Ms. Berry before her, insisted that as an authorized user on the account, Plaintiff ORTIZ was legally obligated to pay the debt.

17. Further, during the conversation returned to in paragraphs 15 and 16 above, Ms. McCoy threatened to "verify" Plaintiff ORTIZ' employment.

18. The threat to verify Plaintiff ORTIZ' employment when there exists no relationship between Defendant GC or its client American Express and Plaintiff ORTIZ, is nothing more than a threat designed to embarrass Plaintiff ORTIZ and coerce her to make payments on an account which she is not legally liable to pay.

19. During neither of the aforementioned conversations did either of Defendant GC's employees inform Plaintiff ORTIZ that they were debt collectors and that any information they obtained would be used for that purpose.

20. Later that same date, March 19, 2008, Ms. McCoy made good on her promise to attempt to verify Plaintiff ORTIZ' employment and sent the attached Exhibit B which is a facsimile requesting verification of Plaintiff ORTIZ' position, salary, and supervisors name along with other personal information to which Defendant GC is not entitled.

21. Exhibit B was received by a Susana Garcia who is a co-worker of Plaintiff ORTIZ.

22. Ms. Garcia provided the fax to Plaintiff ORTIZ upon Ms. Garcia's receipt of same.

23. Plaintiff ORTIZ was made to feel embarrassed when her co-worker saw the request for employment verification by Defendant GC.

24. At no time within five (5) days of Defendant GC's first contact with Plaintiff ORTIZ did it send to Plaintiff ORTIZ a letter which details her right to dispute the alleged debt in question notwithstanding the fact that 15 U.S.C. § 1692g requires Defendant GC to do so.

25. The conduct of Defendants and each of them in harassing Plaintiff in an effort to collect an alleged debt by making false, deceptive and/or misleading representations in connection with the collection of a debt; by engaging in conduct, the natural consequences of which, is to harass, oppress or abuse Plaintiff in connection with the collection of a debt; by using unfair or unconsciousable means to collect a debt; by falsely and deceptively stating to Plaintiff that she is liable for a debt which she is clearly not legally liable; by attempting to collect from Plaintiff monies on a debt for which she is not responsible; by communicating, in connection with the collection of a debt, with a person other than Plaintiff, her attorney or a consumer reporting agency;  by failing to

LAW OFFICE OF

SCOTT A.
VOGELMEIER

1112 Myrtle Ave.
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

LAW OFFICE OF

SCOTT A. VOGELMEIER

1112 Myrtle Ave.
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

inform Plaintiff that they/it are debt collectors; and, by failing to provide Plaintiff with her validation rights is violative of numerous and multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692c(c); 1692d; 1692e; 1692e(2)(A), (8), (10) and (11); 1692f; and 1692g.

## Summary

26. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well, she has suffered from unjustified and abusive invasions of her personal privacy.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of each and every Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

29. As a result of each and every one of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

### COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

31. The Plaintiff had a reasonable expectation of privacy, solitude and seclusion, in Plaintiff's private concerns or affairs.

32. Defendants intentionally intruded on the Plaintiff's solitude, seclusion, and/or private affairs.

-3-

33. These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

34. As a result of such invasions of privacy, Plaintiff suffered a severe injury and is therefore entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

36. Defendants' acted intentionally or recklessly while attempting to collect on the alleged debt.

37. Defendants' conduct was extreme and outrageous.

38. Defendants' conduct was directed at the Plaintiff or a third person in the Plaintiff's presence.

39. The Defendants' conduct proximately caused the Plaintiff emotional distress.

40. The emotional distress suffered by Plaintiff was severe.

### TRIAL BY JURY

41. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant.

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant.

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

LAW OFFICE OF

SCOTT A.
VOGELMEIER

1112 Myrtle Ave.
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial;

- for an award of actual damages from each and every Defendant for the intentional infliction of emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

SCOTT A. VOGELMEIER
Attorney for Plaintiff
State Bar No.: 24015139
1112 Myrtle Avenue
El Paso, Texas 79901
(915) 544-3100
(915) 577-0160 Facsimile

*LAW OFFICE OF*

*SCOTT A. VOGELMEIER*

1112 Myrtle Ave.
El Paso, TX 79901
(915) 544-3100
Fax: (915) 577-0160

-5-

```
PO BOX 46960                              6330 Gulfton, Houston, Tx. 77081
SAINT LOUIS MO 63146
RETURN SERVICE REQUESTED
```

High Priority Communication

THIS HIGH PRIORITY LETTER IS BEING SENT TO YOU BY
GC SERVICES LIMITED PARTNERSHIP, COLLECTION AGENCY
DIVISION.  (314) 851-4300

**EXHIBIT A**

0505608052000064-0868-21

MARIA VELARDE

MARCH 20, 2008

345 FLEMISH CIRCLE
EL PASO TX 79912-7120

```
                            371724815151002
          YOU OWE    : AMERICAN EXPRESS
          ACCOUNT#   : 371724815151002
          BALANCE DUE: $22,397.62
```

Dear Maria Velarde:

It is our policy to attempt to resolve matters regarding unpaid accounts on a voluntary basis; however, at this point your actions do not indicate any effort to resolve this account voluntarily. If you cannot pay the entire amount you owe, we are willing to work with you.

If you will contact us by telephone, we will try to work out a repayment plan that will satisfy our client and one that will also fit into your monthly budget without causing you undue hardship. If you cannot contact us by phone, please indicate at the bottom of this letter the amount of money that you can pay each month and enclose your first payment. We urge you to take advantage of this opportunity to repay your obligation in a voluntary manner.

Ms. Berry
Account Representative

6330 GULFTON   HOUSTON, TX   77081

RETURN TO--------
                                    GC SERVICES
                                    PO BOX 46960
                                    SAINT LOUIS MO 63146

MARIA VELARDE                   (066)       0505608052000064
ACCOUNT#: 371724815151002                   $22,397.62
AMEX-WUD-11                                 1268927

IF YOU HAVE CONCERNS REGARDING THE HANDLING OF YOUR ACCOUNT
BY GC SERVICES, PLEASE CONTACT E. P. BERNHAGEN,
GENERAL MANAGER, AT  800  ???-????.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION

GC SERVICES LIMITED PARTNERSHIP

CALIFORNIA RESIDENTS:
THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8 A.M. OR AFTER 9 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
CONSUMER INFORMATION:
UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES. IF YOU NOTIFY GC SERVICES IN WRITING WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, GC SERVICES WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY GC SERVICES. UPON YOUR WRITTEN REQUEST WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD, GC SERVICES WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THE DEMANDS FOR PAYMENT IN THIS LETTER DO NOT REDUCE YOUR RIGHTS TO DISPUTE THIS DEBT, OR ANY PORTION THEREOF, AND/OR TO REQUEST VERIFICATION WITHIN THE THIRTY (30) DAY PERIOD AS SET FORTH ABOVE.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ESTE ES UN INTENTO PARA COBRAR UNA DEUDA Y CUALQUIER INFORMACION OBTENIDA SERA USADA CON ESE PROPOSITO.
INFORMACION AL CONSUMIDOR:
A MENOS QUE USTED, DENTRO DE LOS TREINTA (30) DIAS DE RECIBIR NOTIFICACION ESCRITA INICIAL RELATIVA A ESTA DEUDA, DISPUTE LA VALIDEZ DE LA DEUDA, O CUALQUIER PARTE DE LA MISMA, LA DEUDA SERA ASUMIDA COMO VALIDA POR GC SERVICES. SI USTED NOTIFICA A GC SERVICES POR ESCRITO DENTRO DEL ANTES MENCIONADO PERIODO DE TREINTA (30) DIAS, QUE LA DEUDA, O CUALQUIER PORCION DE LA MISMA, ES CUESTIONADA, GC SERVICES OBTENDRA VERIFICACION DE LA DEUDA O UNA COPIA DE DICHA VERIFICACION O DICTAMEN. SI USTED LO SOLICITA POR ESCRITO DENTRO DEL ANTES MENCIONADO PERIODO DE TREINTA (30) DIAS, GC SERVICES LE COMUNICARA EL NOMBRE Y DIRECCION DEL ACREEDOR ORIGINAL, SI FUERA DISTINTO DEL ACREEDOR ACTUAL.

LAS DEMANDAS DE PAGO DE ESTA CARTA NO REDUCEN SUS DERECHOS DE DISPUTAR ESTA DEUDA, O CUALQUIER PORCION DE LA MISMA, Y/O A SOLICITAR VERIFICACION DENTRO DEL PERIODO DE TREINTA (30) DIAS ANTES MENCIONADO.



EXHIBIT
B

# EMPLOYMENT VERIFICATION

Please complete the following form and return to fax # 314-851-4320

Employer name: _Division of Family Services_

Fax #: _915·834-7632_

Mailing Address: _____

Employee Name: _Angelica Ortiz_

Social Security #: _453·69·2783_ Date of Hire: _____

Position: _____ Salary: _____ MO/YR/BIWEEKLY

Supervisors Name: _____

Full Time or Part Time: _____

Additional comments: _____
_____

Confidentiality Notice: The information in this message and accompanying documents is confidential information that is legally privileged and intended only for the use of the above-named recipient. If the reader of this message is not named recipient or an employee or agent responsible for delivering this facsimile to the named recipient, please notify us immediately to arrange for the return of the original document to us. You are hereby notified that review, disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited.